498 P.2d 659

**W. C. LAMOREAUX, Plaintiff and Appellant,**

v.

**GRAND COUNTY, a body politic, and Mars Pope, Chairman of the Board of County Commissioners, Defendants and Respondents.**

No. 12791.

Supreme Court of Utah.

June 23, 1972.

W. C. Lamoreaux, Salt Lake City, for plaintiff-appellant.

Harry E. Snow, Moab, for defendants-respondents.

ELLETT, Justice:

The plaintiff appeals from a summary judgment denying his claim for an attorney's fee in representing two impecunious plaintiffs in a habeas corpus proceeding in the Federal District Court.

Mr. Lamoreaux is a licensed attorney admitted to practice law in the State and Federal Courts. His clients were tried in the District Court of Grand County, Utah.. He was directed by a judge of the Federal District Court to represent the clients in a habeas corpus matter filed in the Federal Court. The appellant contends that he is entitled to an attorney's fee for the service pursuant to Sections 1 and 3 of Chapter

171, Laws of Utah, 1965. Section 1 provides that counties of Utah must:

(1) Provide counsel for every indigent person unable to employ counsel who faces the possibility of the deprivation of his liberty or other serious criminal sanction.

(6) Include the taking of appeals and the prosecuting of other remedies, before or after a conviction, considered by the defending counsel to be in the interest of justice.

Section 3 reads:

When representing an indigent person, the assigned counsel shall:

(1) Counsel and defend him whether he is held in custody without commitment or charged with a criminal offense, at every stage of the proceedings following arrest;

(2) Prosecute any appeals or other remedies before or after conviction that he considers to be in the interest of justice. The purpose of this section is to give counsel broad powers to represent the indigent defendant at the earliest possible stage of any criminal or quasi-criminal proceedings *including juvenile courts as well as the other courts of this state which are presently created or which may be created in the future;* applications for parole and pardons and hearings on the revocations thereof; proceedings in which the mental capacity of the indigent is in issue; habeas corpus, corum [sic] nobis proceedings and other like proceedings that are not civil in nature. [Emphasis added.]

It thus appears that the legislature intended to provide that a county should appoint an attorney to represent indigent defendants tried in that county. It did not intend to require a county to pay for counsel appointed by a Federal Judge to represent impecunious plaintiffs in habeas corpus proceedings brought in Federal Courts. The Federal Government now pays counsel in such cases. However, it did not do so when the plaintiff rendered his service.

Grand County did furnish counsel to represent the clients in the State Courts and has paid for that service.

If the plaintiff is entitled under our statute to be paid for the service rendered in the Federal Court, then it would seem that all other lawyers would be entitled to recover a fee from a Utah county when they file petitions for writs of habeas corpus in the Federal Courts regardless of whether they could also receive Federal funds for the same service. The fact that the Federal Government is now paying would not change the laws of Utah as they might affect the duty of a county to pay.

We hold that counties of Utah are only obligated by the statute to provide

counsel for indigent defendants in connection with proceedings brought in courts of this state.

The judgment of the trial court is affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.